1

2

3

4           UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
5                    AT TACOMA

6

7   STEVEN C. CLIFT,

8                    Plaintiff,              CASE NO. C16-5116 BHS

9           v.                               ORDER GRANTING
                                            DEFENDANT'S MOTION TO
10  UNITED STATES INTERNAL                   DISMISS AND GRANTING
    REVENUE SERVICE,                         PLAINTIFF LEAVE TO AMEND
11
                     Defendant.
12

13         This matter comes before the Court on the United States of America's ("United

14  States") motion to dismiss (Dkt. 11).  The Court has considered the pleadings filed in

15  support of and in opposition to the motion and the remainder of the file and hereby grants

16  the motion and grants leave to amend for the reasons stated herein.

17                        **I. PROCEDURAL HISTORY**

18         On February 16, 2016, Plaintiff Steven Clift ("Clift") filed a pro se complaint

19  against the Internal Revenue Service ("IRS"),[1] alleging the IRS improperly assessed civil

20  _____

21         [1] The IRS is not an entity subject to suit, and therefore the United States is the proper
    defendant.  *See Krouse v. U.S. Gov't Treasury Dep't I.R.S.*, 380 F. Supp. 219, 221 (C.D. Cal.
22  1974) (citing *Blackmar v. Guerre*, 342 U.S. 512 (1952)).

penalties for frivolous tax submissions and issued false levies.  Dkt. 1 ("Comp.").  Clift

asserts six claims in his complaint: (1) abuse of process; (2) breach of fiduciary duty; (3)

conspiracy; (4) fraud; (5) infliction of emotional distress; and (6) negligence.  *Id.* at 3–4.

Liberally construed, Clift's complaint also appears to assert a damages claim under 26

U.S.C. § 7433 and a refund claim under 28 U.S.C. § 1346.  *See* Comp. at 2–5, Ex. A1.

Clift seeks damages, as well as an order directing the IRS to process his tax returns,

remove all liens and levies, and return all levied funds.  *Id.* at 5.

On April 18, 2016, the United States moved to dismiss.  Dkt. 8.  The next day, the

United States filed a corrected motion to dismiss.  Dkt. 11.  On May 10, 2016, Clift

responded.[2]  Dkt. 14.  On May 13, 2016, the United States replied.[3]  Dkt. 15.

## II. DISCUSSION

The United States moves to dismiss Clift's claims for lack of subject matter

jurisdiction and for failure to state a claim.  Dkt. 11-1 at 2–3.

**A.    Legal Standards**

Rule 12(b)(1) provides for dismissal of claims if the Court lacks subject matter

jurisdiction.  Federal courts are courts of limited jurisdiction, "possess[ing] only that

---

[2] Clift argues the United States is attempting to deprive him of due process by moving to dismiss his complaint. Dkt. 14 at 3–4, 6–8.  "The essential requirements of due process . . . are notice and an opportunity to respond."  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985).  "The opportunity to present reasons, either in person or in writing, why [a] proposed action should not be taken is a fundamental due process requirement."  *Id.*  Clift has been given an opportunity to respond to the arguments raised in the United States' motion.  Clift has provided a response, which the Court has considered.  Accordingly, Clift has not been denied due process.

[3] The United States argues Clift's response is untimely and should not be considered. Dkt. 15 at 1.  Clift is appearing pro se, and the United States has not shown any prejudice resulting from the untimely filing.  The Court declines to strike Clift's response.

power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  When jurisdiction is challenged in a Rule 12(b) (1) motion, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action.  *Twombly*, 127 S. Ct. at 1965.  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B.    Tort Claims**

Clift asserts claims for abuse of process, breach of fiduciary duty, conspiracy, fraud, infliction of emotional distress, and negligence.  Comp. at 3–4.  The United States contends it has not waived sovereign immunity to suit and thus the Court lacks jurisdiction over these claims.  Dkt. 11-1 at 5.

The United States, as a sovereign, may not be sued without its consent. *United States v. Dalm*, 494 U.S. 596, 608 (1990).  "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535,

1    538 (1980) (internal quotation marks omitted).  "The party who sues the United States

2    bears the burden of pointing to such an unequivocal waiver of immunity."  *Holloman v.*

3    *Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).  "[S]tatutes which are claimed to be waivers

4    of sovereign immunity are to be strictly construed against such surrender."  *Safeway*

5    *Portland Emp. Fed. Credit Union v. Fed. Deposit Ins. Corp.*, 506 F.2d 1213, 1216 (9th

6    Cir. 1974).  Absent a waiver of sovereign immunity, the Court lacks subject matter

7    jurisdiction over claims against the United States.  *United States v. Mitchell*, 463 U.S.

8    206, 212 (1983).

9         Clift first argues the United States waived its sovereign immunity under 28 U.S.C.

10   § 1331.  Dkt. 14 at 8.  Section 1331 is a general jurisdiction statute that provides the

11   Court with jurisdiction over all civil actions arising under federal law.  "[G]eneral

12   jurisdictional statutes cannot, however, waive the government's sovereign immunity."

13   *Hughes v. United States*, 953 F.2d 531, 539 n.5 (9th Cir. 1992).  Similarly, Clift cites to

14   28 U.S.C. § 1396 as a basis for jurisdiction in his complaint, Comp. at 2, but § 1396 is a

15   venue statute that does not waive sovereign immunity.

16        Clift further asserts the Court has jurisdiction under the Federal Tort Claims Act

17   ("FTCA").  Comp. at 2.  The FTCA "waives the sovereign immunity of the United States

18   for actions in tort" and "vests the federal district courts with exclusive jurisdiction over

19   suits arising from the negligence of Government employees."  *Jerves v. United States*,

20   966 F.2d 517, 518 (9th Cir. 1992).  However, "the provisions of the Federal Tort Claims

21   Act specifically exclude . . . claims arising with respect to the assessment and collection

22

1    of any tax." *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982) (citing 28

2    U.S.C. § 2680(c)).

3        Clift's complaint alleges the IRS improperly assessed civil penalties for frivolous

4    tax submissions and levied his funds.  *See* Comp. at 2–5.  Because Clift's claims are

5    based on the IRS' assessment and collection of taxes, the FTCA's limited waiver of

6    sovereign immunity does not extend to the claims in this case.

7        In the absence of a statutory waiver, the Court concludes that it lacks jurisdiction

8    over Clift's claims for abuse of process, breach of fiduciary duty, conspiracy, fraud,

9    infliction of emotional distress, and negligence.  Therefore, the United States' motion to

10   dismiss is granted.  Although Clift is proceeding pro se, the Court finds that granting Clift

11   leave to amend these claims would be futile based on the doctrine of sovereign immunity.

12   *See Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) ("Dismissal of a *pro*

13   *se* complaint without leave to amend is proper only if it is absolutely clear that the

14   deficiencies of the complaint could not be cured by amendment.").

15   **C.    Damages Claim**

16       Construing his complaint liberally, Clift appears to assert a damages claim under

17   26 U.S.C. § 7433.  *See* Comp. at 3, 5, Ex. A1.  The United States raises several

18   arguments as to why this claim should be dismissed.  Dkt. 11-1 at 10–15.

19       The United States first argues the Court lacks jurisdiction.  *Id.* at 10–12.  Under

20   § 7433, a taxpayer may sue the United States for damages "only for tax collection activity

21   that violates some provision of the Revenue Code or the regulations promulgated

22   thereunder."  *Shwarz v. United States*, 234 F.3d 428, 433 (9th Cir. 2000).  "[A] taxpayer

1    cannot seek damages under § 7433 for improper assessment of taxes." *Miller v. United*

2    *States*, 66 F.3d 220, 223 (9th Cir. 1995) (quoting *Shaw v. United States*, 20 F.3d 182, 184

3    (5th Cir. 1994)).

4            To the extent Clift's damages claim is based on the IRS' alleged improper

5    assessment of civil penalties, the Court lacks jurisdiction under § 7433. *Miller*, 66 F.3d

6    at 223. Clift, however, also alleges that the IRS levied funds from his employers and the

7    Social Security Administration. Comp. at 3, 5. Thus, Clift's claim could be construed as

8    being based on tax collection activity.

9            The United States next contends Clift's damages claim is barred by the statute of

10   limitations. Dkt. 11-1 at 12–13. The Court recognizes the issue raised by the United

11   States, but believes this issue is better suited for a subsequent dispositive motion that has

12   been more fully briefed.

13           Finally, the United States argues Clift has failed to state a claim under § 7433.

14   Dkt. 11-1 at 14–15. To state a claim under § 7433, Clift must allege that the IRS

15   "recklessly or intentionally" disregarded a federal tax statute or regulation and that he

16   suffered "actual, direct economic damages" as a result. *See* 26 U.S.C. § 7433. Clift's

17   complaint fails to plead sufficient facts to support each of these elements. The Court

18   therefore grants the United States' motion. Although there are deficiencies in Clift's

19   complaint, it is not absolutely clear that these deficiencies could not be saved by

20   amendment. Accordingly, the Court grants Clift leave to amend his damages claim.

21

22

**D.     Refund Claim**

Liberally construed, Clift's complaint also appears to assert a refund claim under 28 U.S.C. § 1346.  *See* Comp. at 5, Ex. A1.  The United States argues the Court lacks jurisdiction to consider this claim.  Dkt. 11-1 at 7–8.

"Title 28 U.S.C. § 1346(a)(1) waives the sovereign immunity of the United States to permit suit in the United States District Courts for the recovery of taxes which have been erroneously collected."  *Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir. 1996).  Before a taxpayer may bring a refund claim in federal court, he or she must (1) timely file an administrative claim with the IRS, 26 U.S.C. § 7422(a), and (2) pay the full amount of the contested assessment, *Flora v. United States*, 362 U.S. 145, 177 (1960).  Compliance with these requirements is a prerequisite to subject matter jurisdiction.  *Quarty v. United States*, 170 F.3d 961, 972 (9th Cir. 1999); *Hutchinson*, 677 F.2d at 1325.

With respect to the first requirement, Clift alleges that he filed an administrative claim with the IRS.  *See* Comp. at 2.  The United States, in turn, argues Clift's claim was untimely.  Dkt. 11-1 at 8; Dkt. 15 at 7.  This issue, however, was not fully briefed by the parties and the Court declines to rule on it in this order.  As to the second requirement, Clift does not allege that he paid the contested taxes in full.  Consequently, Clift's complaint fails to allege sufficient facts to establish jurisdiction.  Although the Court grants the United States' motion, it is not absolutely clear that any amendment would be futile.  Therefore, the Court grants Clift leave to amend his refund claim.

1 | **E.    Injunctive Relief**

2 |       Finally, Clift seeks injunctive relief in his complaint.[4]  Comp. at 5.  The United

3 | States contends such relief is barred by the Anti-Injunction Act.  Dkt. 11-1 at 8–10.

4 |       Under the Anti-Injunction Act, "courts are without jurisdiction to grant injunctions

5 | restraining the assessment or collection of taxes."  *Hutchinson*, 677 F.2d at 1326.  As

6 | discussed above, Clift's claims are based on the IRS' assessment and collection of taxes.

7 | While there are some exceptions to the Anti-Injunction Act, Clift has failed to show that

8 | any of these exceptions apply.  *See* 26 U.S.C. § 7421(a) (listing statutory exceptions);

9 | *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962) (discussing judicial

10 | exception).  The Court concludes it lacks jurisdiction to grant injunctive relief in this case

11 | and grants the United States' motion on this issue.

12 |                                            **III.    ORDER**

13 |       Therefore, it is hereby **ORDERED** that the United States' motion to dismiss (Dkt.

14 | 11) is **GRANTED**.  Clift is **GRANTED leave to amend** his damages and refund claim.

15 | Clift shall file an amended complaint no later than July 22, 2016.

16 |       Dated this 5th day of July, 2016.

17 |

18 |                                            BENJAMIN H. SETTLE
      |                                            United States District Judge

19 |

20 | _____

21 |       [4] To the extent Clift seeks declaratory relief as well, the Court lacks jurisdiction to grant such relief under the Declaratory Judgment Act.  *See Latch v. United States*, 842 F.2d 1031,

22 | 1033 (9th Cir. 1988) ("[A] federal district court may not entertain a declaratory judgment action 'with respect to federal taxes.'" (quoting 28 U.S.C. § 2201(a))).