UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN C. CLIFT,

                    Plaintiff,

        v.

UNITED STATES INTERNAL
REVENUE SERVICE,

                    Defendant.

CASE NO. C16-5116 BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS AND GRANTING
LEAVE TO AMEND

This matter comes before the Court on the United States of America's ("United States") motion to dismiss (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion and grants leave to amend for the reasons stated herein.

## I. PROCEDURAL HISTORY

On February 16, 2016, Plaintiff Steven Clift ("Clift") filed a *pro se* complaint against the Internal Revenue Service ("IRS"),[1] alleging the IRS improperly assessed civil penalties for frivolous tax submissions and issued false levies. Dkt. 1. Clift asserted six claims in his complaint: (1) abuse of process; (2) breach of fiduciary duty; (3) conspiracy;

---

[1] The IRS is not an entity subject to suit, and therefore the United States is the proper defendant. *See Krouse v. U.S. Gov't Treasury Dep't I.R.S.*, 380 F. Supp. 219, 221 (C.D. Cal. 1974) (citing *Blackmar v. Guerre*, 342 U.S. 512 (1952)).

(4) fraud; (5) infliction of emotional distress; and (6) negligence. *Id.* at 3–4. Liberally construed, Clift's complaint appeared to assert a damages claim under 26 U.S.C. § 7433 and a refund claim under 28 U.S.C. § 1346. *See* Dkt. 1 at 2–5. Clift sought damages, as well as an order directing the IRS to process his tax returns, remove all liens and levies, and return all levied funds. *Id.* at 5.

On April 18, 2016, the United States moved to dismiss. Dkt. 8. The next day, the United States filed a corrected motion to dismiss. Dkt. 11. On May 10, 2016, Clift responded. Dkt. 14. On May 13, 2016, the United States replied. Dkt. 15. The Court granted the United States' motion and granted Clift leave to amend his complaint in order to cure the deficiencies in his claims for damages under 26 U.S.C. § 7433 and his claim for refund under 28 U.S.C. § 1346. Dkt. 18.

On July 22, 2016, Clift filed an amended complaint against the United States. Dkt. 19. On August 5, 2016, the United States moved to dismiss the amended complaint. Dkt. 21. On August 10, 2016, Clift responded. Dkt. 23. On September 2, the United States replied. Dkt. 26.

## II. DISCUSSION

The United States moves to dismiss Clift's claims for lack of subject matter jurisdiction and for failure to state a claim. Dkt. 21 at 2–4.

**A.    Legal Standards**

Rule 12(b)(1) provides for dismissal of claims if the Court lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of*

1   *Am.*, 511 U.S. 375, 377 (1994). When jurisdiction is challenged in a Rule 12(b)(1)

2   motion, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the

3   burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

4   (internal citations omitted).

5         Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of

6   a cognizable legal theory or the absence of sufficient facts alleged under such a theory.

7   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material

8   allegations are taken as admitted and the complaint is construed in the plaintiff's favor.

9   *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss,

10   the complaint does not require detailed factual allegations but must provide the grounds

11   for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause

12   of action. *Twombly*, 127 S. Ct. at 1965. A plaintiff must allege "enough facts to state a

13   claim to relief that is plausible on its face." *Id.* at 1974.

14   **B.**    **Damages Claim**

15         Clift asserts a damages claim under 26 U.S.C. § 7433. Dkt. 19 at 1. The United

16   States raises several arguments as to why this claim should be dismissed. Dkt. 21 at 7–18.

17   The United States first moves for dismissal under Rule 12(b)(1) on the premise that the

18   Court lacks jurisdiction. *Id.* at 7–9, 14–18. The United States alternatively seeks dismissal

19   pursuant to Rule 12(b)(6) on the basis that Clift's claims are barred by the statute of

20

21

22

1  limitations and that Clift has otherwise failed to state a cognizable claim.[2] Dkt. 21 at 9–

2  14.

3      **1.      Jurisdiction and Failure to Exhaust Administrative Remedies**

4        Under § 7433, a taxpayer may sue the United States for damages "only for tax

5  collection activity that violates some provision of the Revenue Code or the regulations

6  promulgated thereunder." *Shwarz v. United States*, 234 F.3d 428, 433 (9th Cir. 2000).

7  "[A] taxpayer cannot seek damages under § 7433 for improper assessment of taxes."

8  *Miller v. United States*, 66 F.3d 220, 223 (9th Cir. 1995) (quoting *Shaw v. United States*,

9  20 F.3d 182, 184 (5th Cir. 1994)). The Court has already dismissed Clift's damages claim

10  for lack of jurisdiction insofar as his claim was based on the IRS' alleged improper

11  assessment of civil penalties. Dkt. 18 at 6 (citing *Miller*, 66 F.3d at 223).

12        However, Clift also alleges in his amended complaint that the IRS wrongfully

13  levied 100 percent of his Social Security retirement benefits. Dkt. 19 at 2–3. The United

14  States argues that the Court must dismiss any action based on this allegation pursuant to

15

16

17  _____

18      [2] The United States argues that Clift's failure to comply with the statute of limitations under 26 U.S.C. § 7433(d)(3) deprives the Court of subject matter jurisdiction. Dkt. 21 at 7, 9–

19  12. However, it appears such an argument would be addressed more appropriately under a theory of dismissal for failure to state a claim. *See United States v. Marsh*, 89 F. Supp. 2d 1171, 1173

20  (D. Haw. 2000) (citing *Capital Tracing, Inc. v. United States*, 63 F.3d 859, 862 n.3 (9th Cir. 1995)); *cf., Anderson v. United States*, 220 Fed. Appx. 479, 481 (9th Cir. 2007). While the

21  requirement to file a timely *administrative claim* under 26 U.S.C. § 7422(a) is jurisdictional in nature, as addressed *infra*, the period of limitations set forth in 26 U.S.C. § 7433(d)(3) does not

22  appear to contain similar jurisdictional language. Accordingly, the Court will address the United States' period of limitations argument under the 12(b)(6) standard.

1  Federal Rule of Civil Procedure 12(b)(1) because Clift failed to raise the issue in an

2  administrative claim. Dkt. 21 at 11 n.3.[3]

3          Exhausting an administrative claim for damages within the IRS is a prerequisite to

4  a successful action under 26 U.S.C. § 7433. 26 U.S.C. § 7433(d)(1). Despite exisitng

5  Ninth Circuit precedent that states the failure to exhaust the administrative remedies

6  requirement in 26 U.S.C. § 7422(a) deprives the Court of jurisdiction, it is debatable

7  whether the requirement to exhaust administrative remedies for a damages claim under

8  26 U.S.C. § 7433(d) is actually jurisdictional and, therefore, whether it may properly be

9  addressed in a 12(b) motion. *Compare Conforte v. United States*, 979 F.2d 1375, 1377

10  (9th Cir. 1992), *as amended* (Jan. 28, 1993) *with Ramer v. United States*, 620 F. Supp. 2d

11  90, 99–100 (D.D.C. 2009). *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16

12  (2006). Nonetheless, even if the Court agrees with the reasoning of courts like the D.C.

13  Circuit in *Ramer*, it appears that the Ninth Circuit has not abandoned its precedent in

14  *Conforte*. *See Johnson v. Paul*, 225 Fed. Appx. 642 (9th Cir. 2007); *Manant v. United*

15  *States*, 498 Fed. Appx. 752 (9th Cir. 2012); *Joseph v. United States*, 517 Fed. Appx. 543

16  (9th Cir. 2013).

17          Moreover, if the failure to exhaust administrative remedies is not a jurisdictional

18  issue, it appears the Ninth Circuit would still consider the issue properly raised in a 12(b)

19

20          [3] The United States did not approach its page limit in its motion to dismiss. When the

21  page limit prohibits a party from adequately stating their position, the Court will grant a proper
request for additional pages. Accordingly, the Court encourages the parties to refrain from

22  placing their substantive arguments in footnotes because such arguments are significantly more
likely to be inadvertently overlooked.

1    motion to dismiss. *Clark v. United States*, 462 Fed. Appx. 719, 721 n.1 (9th Cir. 2011)

2    (citing *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010)) ("Even if the

3    failure to exhaust administrative remedies is not technically jurisdictional, dismissal for

4    failure to exhaust was still proper."). Accordingly, under the applicable Ninth Circuit

5    precedent, the Court is compelled to treat Clift's failure to exhaust administrative

6    remedies as an issue properly raised in a 12(b) motion.

7         As the United States has indicated, nowhere has Clift indicated that he filed an

8    administrative claim for the asserted100 percent levy on his Social Security retirement

9    benefits. Dkt. 21 at 11 n.3. Indeed, the administrative claim attached to Clift's amended

10   complaint instead indicates that he alleged a levy of 15 percent of his benefits starting in

11   2011 which was increased to only 60 percent in 2013. Dkt. 19-1 at 11–12; Dkt. 19-2 at

12   55, 57. Having failed to show that he exhausted his administrative remedy within the IRS

13   in regards to any claim for a 100 percent levy, the Court must dismiss Clift's claim based

14   on this allegation.

15        **2.      Statute of Limitations and Failure to State a Claim**

16        Liberally reading Clift's amended complaint, it appears that he may be alleging

17   that the IRS wrongfully levied 60 percent (and 100 percent at some subsequent

18   unspecified time) of his Social Security retirement benefits in an amount wrongfully

19   exceeding 15 percent. Dkt. 19 at 2–3; Dkt. 19-1 at 11–12; Dkt. 19-2 at 55, 57. He also

20   seems to argue that the IRS otherwise wrongfully levied funds from his employers. *Id.*

21   Thus, Clift's claim could be construed as being based on tax collection activity.

22

1    Insofar as Clift's claim is based on the 60 percent levy, the United States has

2    argued that Clift failed to bring his claim within the statute of limitations. Dkt. 21 at 9–

3    12. The United States addressed the period of limitation in its previous motion to dismiss

4    Clift's first complaint. Dkt. 11-1 at 12–13. The Court declined to decide the issue at that

5    time as the United States had not fully briefed the issue and another basis for granting the

6    motion existed. *See* Dkt. 18 at 6. While the United States has more fully briefed the issue

7    in their present motion, it has still failed to address the doctrine of equitable tolling and

8    whether Clift's administrative claim extended the date whereby he needed to file the

9    present action. *See United States v. Marsh*, 89 F. Supp. 2d 1171, 1177 n. 9 (D. Haw.

10   2000). Therefore, the Court declines to dismiss the amended complaint based on the

11   United States' statute of limitations argument where, as before, the Court may rely upon

12   other grounds for dismissal.

13       Finally, the United States argues that Clift has failed to state a claim under § 7433.

14   Dkt. 11-1 at 14–15. To state a claim under § 7433, Clift must allege that the IRS

15   "recklessly or intentionally" disregarded a federal tax statute or regulation and that he

16   suffered "actual, direct economic damages" as a result. *See* 26 U.S.C. § 7433. Although

17   Clift alleges that it was unlawful for the IRS to levy more than 15 percent of his social

18   security benefits, it is unclear what law Clift relies upon in forming this allegation. The

19   law cited in Clift's administrative claim, 42 U.S.C. § 407, makes no reference to a 15

20

21

22

1   percent limit.[4] Even if 42 U.S.C. § 407 did create a 15 percent limit for levies of Social

2   Security benefits, 42 U.S.C. § 407 does not prohibit levies made pursuant to a statute

3   expressly referencing 42 U.S.C. § 407. *See* 42 U.S.C. 407(b). The statute that sets forth

4   the exclusive list of limits on the IRS' authority to levy social security benefits does just

5   that. 26 U.S.C. § 6334(c).

6       Accordingly, Clift's amended complaint fails to allege a cognizable claim for

7   damages based on the alleged levies. The Court therefore grants the United States'

8   motion. Nonetheless, "[d]ismissal of a *pro se* complaint without leave to amend is proper

9   only if it is absolutely clear that the deficiencies of the complaint could not be cured by

10  amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988). It remains

11  unclear whether Clift can amend his complaint in order to (1) reference a specific law

12  that prohibits the IRS from levying more than 15 percent of his benefits and (2) provide

13  sufficient facts to support that the alleged 60 percent levy was a reckless and intentional

14  violation of that law. Accordingly, the Court again grants Clift leave to amend his

15  complaint.

16

17

18  _____

19      [4] Moreover, even if Clift had referenced the 15 percent limit set forth in in 26 U.S.C. §
    6331(h), he has failed to allege that the 60 or 100 percent levies of which he complains were the
20  type of automated payments to which 26 U.S.C. § 6331(h) applies—as opposed to a levy
    pursuant to 26 U.S.C. 6331(a) which may be authorized for up to 100 percent of the benefit.
    Nonetheless, the United States has not submitted argument on the IRS' authority to levy
21  differing amounts of Social Security benefits depending on which procedure is used under 26
    U.S.C. § 6331. Therefore, the Court will not base its decision on the IRS' authority to levy up to
22  100 percent of one's Social Security benefits pursuant to 26 U.S.C. § 6331(a).

**C.   Refund Claim**

Clift's amended complaint asserts a refund claim under 26 U.S.C. § 7422. Dkt. 19 at 3. Construing his amended complaint liberally by incorporating the attached administrative claim for damages, Clift could be seeking refunds for alleged overpayments on his taxes from 1995–1998, 2000, or 2003–2010. Dkt. 19-1 at 4–10. The United States argues the Court lacks jurisdiction to consider this claim and seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 11-1 at 7–8.

"Title 28 U.S.C. § 1346(a)(1) waives the sovereign immunity of the United States to permit suit in the United States District Courts for the recovery of taxes which have been erroneously collected." *Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir. 1996). Nonetheless, before a taxpayer may bring a refund claim in federal court, he or she must (1) timely file an administrative claim with the IRS that satisfies the requirements set forth in 26 C.F.R. § 301.6402–2 and (2) pay the full amount of the contested assessment. *Flora v. United States*, 362 U.S. 145, 177 (1960); 26 U.S.C. § 7422(a). Compliance with these requirements is a prerequisite to subject matter jurisdiction. *Quarty v. United States*, 170 F.3d 961, 972 (9th Cir. 1999); *Hutchinson*, 677 F.2d at 1325.

With respect to the first requirement, Clift alleges generally that he filed an administrative claim with the IRS. *See* Dkt. 19 at 3. However, the only administrative claim that Clift alleges to have made was his claim for damages. Dkt. 19-1. The United States indicates that Clift's allegation is insufficient to show that he filed a timely administrative claim *for refund* as required by 26 U.S.C. § 7422(a) and 26 C.F.R. §

301.6402–2. Dkt. 21 at 14–16. Despite Clift's general statement in the amended

complaint that he filed an administrative claim, Clift's wholesale reliance on his

administrative claim for damages suggests that he has failed to file the appropriate

administrative claims for refund for each separate tax year in accordance with the

particular requirements of 26 C.F.R. § 301.6402–2. On a 12(b)(1) motion the burden is

on the plaintiff to show that jurisdiction exists, *Kokkonen*, 511 U.S. at 377, and Plaintiff

has failed to satisfy that burden. Accordingly, the Court lacks jurisdiction over Clift's

claim for refund

  Moreover, the declaration submitted with the motion to dismiss also shows that

Clift has failed to pay contested assessments for the years 2005–2010.[5] Dkt. 21-1. The

United States has also demonstrated that there were no assessments or credits made in

1998. *Id.* Accordingly, even if Clift had timely commenced any administrative claims for

refund, he demonstrably failed to satisfy the *Flora* full payment requirement for the years

1998 or 2005–2010.

  Clift's complaint fails to allege sufficient facts to establish this Court's

jurisdiction. Without jurisdiction, this Court has no authority to enter judgment on the

merits of his refund claims and those claims must be dismissed. In light of the fact that

Clift has not paid the contested assessments for the years 1998 or 2005–2010 and it is too

late for him to timely file an administrative claim, *see* 26 C.F.R. § 301.6402–2, the Court

---

  [5] The Court may properly consider the documents supporting the United State's 12(b)(1) motion to dismiss in order "to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989).

1    dismisses with prejudice any claims for refund based on those assessments. Insofar as

2    Clift raises refund claims for the years 1995–1997, 2000, and 2003–2004, dismissal is

3    based on Clift's failure to show that he has filed separate timely administrative claims for

4    each year that satisfy every requirement of 26 C.F.R. § 301.6402–2. Because it is not

5    absolutely clear that Plaintiff has failed to pay those assessments and file administrative

6    claims, or that the statute of limitations was not somehow tolled for the past two decades,

7    the Court dismisses those claims without prejudice.

8                                    **III.   ORDER**

9           Therefore, it is hereby **ORDERED** that the United States' motion to dismiss (Dkt.

10   11) is **GRANTED** as follows:

11          Clift's damages claim is **DISMISSED WITHOUT PREJUDICE**. Clift's refund

12   claims for the years 1995–1997, 2000, and 2003–2004 are **DISMISSED WITHOUT**

13   **PREJUDICE**. Clift's refund claims for the years 1998 and 2005–2010 are **DISMISSED**

14   **WITH PREJUDICE.**

15          Clift is **GRANTED leave to amend** his damages claim for the alleged levy of 60

16   percent of his social security benefits occurring in 2013, if possible, as explained above.

17   Clift shall file a second amended complaint, if warranted, no later than November 4,

18   2016.

19          Dated this 14th day of October, 2016.

20

21                                    _____

22                                    BENJAMIN H. SETTLE
                                      United States District Judge