UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| STEVEN C. CLIFT,<br><br>                Plaintiff,<br><br>vs.<br><br>UNITED STATES of AMERICA,<br><br>                Defendant. | NO. C16-5116 BHS<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT |

Plaintiff, STEVEN C. CLIFT, pro se, responds to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint with prejudice.

## INTRODUCTION

Plaintiff, with leave of court, filed a Second Amended Complaint on November 4, 2016. Defendant, by and through counsel, filed a Motion to Dismiss the Second Amended Complaint on December 19, 2016. Plaintiff takes issue with the Defendant's Motion to Dismiss, and makes such arguments, and presents such fact in order to sway the court to dismiss the Defendant's Motion to Dismiss and to set the matter for trial.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO DISMISS SECOND AMENDED COMPLAINT

Page 1 of 5Z:\Clift, Steven 11-1320\Pleadings\Plaintiff's Response to Defendant's Motion to Dismiss Second Amended Complaint.docx

STEVEN C. CLIFT
11220 – 89TH AVE. CT. EAST
PUYALLUP, WA 98373
253-312-8826

# ARGUMENT

The government has claimed that the Plaintiff is alleging improper assessment of Section 6702 penalties. The government stated in its letter 3176C, dated 11/03/2010, "we have determined that the information you filed as a return of tax, or purported return of tax, on August 9, 2010, is frivolous and there's no basis in the law for your position" and "your information is based on positions identified as frivolous under Section 6702(c)". There are many more letters from IRS talking about civil penalty and frivolous submissions. Plaintiff understands that an assessment of a civil penalty is an assessment of taxes.

Plaintiff has argued extensively in the second amended complaint that he is not arguing about assessment of taxes or penalties, he is complaining that the simple process of determining that a return is "frivolous" is a tool by which the agency can **Collect** taxes or penalties and such that have already been assessed. Again, this has been argued in the complaint.

The government has complained that the Plaintiff has not exhausted his administrative remedies for claim of 100% levy of Social Security retirement benefits by failing to allege an administrative claim for damages in regard to any claim for a hundred percent levy. There is absolutely no question, by reading the documents appended to the complaint, that the Plaintiff has complained under 26 U.S.C. § 7433 that the collection of taxes was improper regardless of the amount levied. The fact is there were *no frivolous returns* which is set forth in the complaint.

Because there were no frivolous returns, primarily because the IRS did not follow the procedures set forth in 16 U.S.C. § 6702(c) listing frivolous positions. The government has not ever indicated what position was used to make the returns frivolous. The failure to comply with the statute and due process under the Fifth Amendment of the United States Constitution, there is

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO DISMISS SECOND AMENDED COMPLAINT

STEVEN C. CLIFT
11220 – 89TH AVE. CT. EAST
PUYALLUP, WA 98373
253-312-8826

Page 2 of 5Z:\Clift, Steven 11-1320\Pleadings\Plaintiff's Response to Defendant's Motion to Dismiss Second Amended Complaint.docx

no basis by which the IRS could lawfully collect the Social Security benefits on the Plaintiff except the 15% of the Social Security benefit in keeping with 26 U.S.C. § 6331(h).

The government claims that notwithstanding the fact that…"he failed to plead an administrative claim for damages alleged (for) a valid Federal Tax Statute, or regulation that was recklessly or intentionally disregarded by the IRS for such 60% violation, and that he suffered actual, direct economic damage as result of such violation. Further, even if Plaintiff had alleged the proper 7433 claim for an alleged 60 percent levy, that claim is time-barred".

In response, Plaintiff has produced not one but many complaints to the right parties in the IRS that his returns were not invalid and were not frivolous. There was for all intents and purposes, no real response to any administrative claim from the year 2008 forward. Some of the letters and information concerning these claims are found in the Exhibits to the Second Amended Complaint. And again, the format of the administrative claim may not have been what the examiner was looking for, but under the normal pleading doctrines a complaint against the whole is a complaint of any portion there. cf. FRCP Rule 8(e).

In the <u>Shaw v. US</u> case (20 F3d 182), the court event when discussing the matters about improper assessment when on to discuss issues of improper collection issues: "…but to prove a claim for improper collection practices, the taxpayer must demonstrate that the IRS did not follow the prescribed methods of acquiring assets. Moreover, it is possible to have an improper collection practice without having a corresponding improper assessment claim and vice versa".

In this case Plaintiff is **not arguing about the assessment** issue, it is simply arguing about the collection issue. And in this case the collection issue is simply there because someone made a mistake and determined that the tax returns were frivolous. There is no evidence supplied by the government that shows that the agency went through the process (26 U.S.C.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO DISMISS SECOND AMENDED COMPLAINT

STEVEN C. CLIFT
11220 – 89TH AVE. CT. EAST
PUYALLUP, WA 98373
253-312-8826

Page 3 of 5 Z:\Clift, Steven 11-1320\Pleadings\Plaintiff's Response to Defendant's Motion to Dismiss Second Amended Complaint.docx

6702(c)) to make a determination of frivolous return and then gave Plaintiff notice of that and made available an opportunity under the due process required by constitutional mandate and common sense and justice, to challenge whomever or whatever made the determination that the returns were frivolous and did not meet the requirements that he Commissioner has set out for making such determinations.

And for the final argument that counsel for the Government is really making, simply states that if Plaintiff wanted a refund for the money that was erroneously collected, he could not get it because the Government has not waived its sovereign immunity.  The Government goes on to say that even if Plaintiff in the trial could show that administrative refund claims constituted a valid administrative claim for refund under the relevant statutes and regulations, (Section 7433) they would still be untimely administrative claims; we disagree.

There are many opportunities for the government to have followed the rules.  There are many letters and documents sent by the Plaintiff to the government complaining and asking for his money back, to substantiate the relevant and timely administrative claim.  One only needs to look at the letters in 2008, 2009, 2010, even through 2014 there are many, many times that the Plaintiff has stated in writing and signed documents that generally convey this message: "this is wrong, give me my money back".  That is truly a claim in any language.

Then the Government goes into the argument and iterates the legal standards for dismissal under Federal Rule of Civil Procedures, "FRCP".  FRCP 12(b)(1) states: "the court will generally accept as true the factual allegations of the Plaintiff's complaint and ask whether the allegations state a claim that would be sufficient to survive a motion to dismiss".  And if there is a question of fact as to whether the allegations for judicial fact are correct or not, the court can resolve that dispute in a hearing or at trial.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO DISMISS SECOND AMENDED COMPLAINT

STEVEN C. CLIFT
11220 – 89TH AVE. CT. EAST
PUYALLUP, WA 98373
253-312-8826

Page 4 of 5Z:\Clift, Steven 11-1320\Pleadings\Plaintiff's Response to Defendant's Motion to Dismiss Second Amended Complaint.docx

In this case there is an abundant amount of evidence showing that claims to various agents have been made over a long period of time – <u>administratively</u>. There are an abundant amount of facts that the IRS did not respond to those claims properly and in many cases never did. There is absolutely no evidence that the IRS follow the rules established by statute and by the Commissioner, with respect to determination that Plaintiff's tax returns were frivolous. (26 U.S.C. § 6702) To determine if these facts give rise to more than an argument by counsel for the government who is yet to put anything on record showing how the determination of frivolous was made, it is my opinion and prayer that the court dismiss the Defendant's motion to dismiss and set this matter for trial.

Respectfully submitted this 3rd day of January, 2017.

_____
STEVEN C. CLIFT
Plaintiff
11220 – 89th Ave. Ct. East
Puyallup, WA 98373
253-312-8826

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO DISMISS SECOND AMENDED COMPLAINT

STEVEN C. CLIFT
11220 – 89TH AVE. CT. EAST
PUYALLUP, WA 98373
253-312-8826

Page 5 of 5Z:\Clift, Steven 11-1320\Pleadings\Plaintiff's Response to Defendant's Motion to Dismiss Second Amended Complaint.docx