1

Honorable Benjamin H. Settle

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

| | | |
|---|---|---|
| STEVEN C. CLIFT, | ) | Case No. 3:16-cv-05116-BHS |
| Plaintiff, | ) | |
| | ) | **REPLY IN SUPPORT OF UNITED** |
| v. | ) | **STATES OF AMERICA'S MOTION** |
| | ) | **TO DISMISS SECOND AMENDED** |
| UNITED STATES OF AMERICA, | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | **Note on Motions Calendar:** |
| _____ | ) | **January 13, 2017** |

        The United States of America ("United States"), by and through its undersigned counsel,

hereby submits this Reply in Support of its Motion to Dismiss Second Amended Complaint

("Motion") filed on December 19, 2016 (Dkt. # 34). Plaintiff, Steven C. Clift, filed "Plaintiff's

Response to Defendant's Motion to Dismiss Second Amended Complaint" ("Response") on

January 3, 2017 (Dkt. # 35). The Response confuses the issues and raises no legitimate or cogent

argument to support the denial of the United States' Motion nor does it cite any relevant case law

or authority to suggest the Motion should not be granted. Additionally, the Response does not

address the Second Amended Complaint's ("SAC") non-compliance with the Court's order that

only allowed leave to amend Plaintiff's damages claim for an alleged levy of 60 percent of his

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

1    social security benefits occurring in 2013. On that basis alone, the Court should dismiss any

2    claims in the SAC that Plaintiff was not allowed to amend. The United States relies on the

3    arguments made in the Motion and this Reply, and respectfully requests that the Court dismiss

4    this action with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter

5    jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted.

6    **1.     Plaintiff's Claim For Damages Under 26 U.S.C. § 7433 Is Not Valid Because It Is
          Not A Claim For Damages Due To Unauthorized Collection Actions.**

7
8          In the Response, Plaintiff makes a convoluted argument that he is not seeking damages

9    under Section 7433 for improper assessment of taxes, but instead an alleged unauthorized

10   collection action. Although Plaintiff claims that he "is not arguing about the assessment issue"

11   but rather "simply arguing about the collection issue," he goes on to argue that the "collection

12   issue is simply there because someone made a mistake and determined that the tax returns were

13   frivolous." Dkt. # 35 at 3. Moreover, Plaintiff goes on to argue:

14         There is no evidence supplied by the government that shows that the agency went
           through the process (26 U.S.C. 6702(c)) to make a determination of frivolous return and
           then gave Plaintiff notice of that and made available an opportunity . . . to challenge
15         whomever or whatever made the determination that the returns were frivolous and did not
           meet the requirements that he [sic] Commissioner has set out for making such
16         determinations.

17   *Id.* at 3-4. Despite Plaintiff's attempt to label his Section 7433 claim as a claim based on

18   unauthorized collection action, the Response makes clear that Plaintiff's Section 7433 claim is

19   really a direct challenge to the alleged improper assessments of 26 U.S.C. § 6702 penalties for

20   frivolous tax submissions. *See also* Dkt. # 35 at 2, lines 9-13, 20-23 (Plaintiff challenging alleged

21   frivolous determination).

22         As argued in the Motion, this Court has *twice* already dismissed Plaintiff's damages

23   claim based on the Internal Revenue Service's ("IRS") alleged improper assessment of civil

Reply in Support of U.S.' Motion to Dismiss
Second Amended Complaint
(Case No. 3:16-cv-05116-BHS)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

penalties for lack of jurisdiction because the claim sought damages for an improper assessment of taxes, not for unauthorized collection. *See* Dkt. # 34 at 7; *see also* Dkt. ## 18 at 6; 28 at 4. Therefore, Plaintiff's repeated attempts to revisit this issue should be denied.

**2.    Plaintiff's Alleged Exhaustion of Administrative Remedies for Damages Claim for 100 Percent Levy Violation of Social Security Retirement Benefits Is Insufficient.**

In the Response, Plaintiff appears to argue that he properly alleged exhaustion of his administrative remedies for his claim for damages for an alleged levy of 100 percent of his social security retirement benefits. *See* Dkt. # 35 at 2. Plaintiff contends that "[t]here is absolutely no question, by reading the documents appended to the complaint, that the Plaintiff complained under 26 U.S.C. § 7433 that the collection of taxes was improper regardless of the amount levied." Dkt. # 35 at 2. However, Plaintiff's argument that the documents appended to the complaint contain sufficient allegations that he exhausted his administrative remedies for a damages claim for a 100 percent levy violation of social security retirement benefits fails.

Simply put, Plaintiff has missed the point. Plaintiff fails to recognize that taxpayers must exhaust their administrative remedies in accordance with treasury regulations before bringing a Section 7433 suit for damages. *See* 26 U.S.C. § 7433(d)(1); Treas. Reg. § 301.7433-1. As argued in the Motion, treasury regulations require administrative claims for damages to include, *inter alia*, the following: (1) "the grounds, in reasonable detail, for the claim"; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, or that amount which is reasonably foreseeable; and (4) the signature of the taxpayer. Treas. Reg. § 301.7433-1(e); *see* Dkt. # 34 at 8. However, as argued in the Motion, this Court has already dismissed Plaintiff's claim in regards to any damages claim for a 100 percent levy based on the alleged administrative claim for damages dated February 18, 2014, *see* Dkt. # 34 at 9-10, and nowhere in the SAC has

Reply in Support of U.S.' Motion to Dismiss
Second Amended Complaint
(Case No. 3:16-cv-05116-BHS)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

Plaintiff alleged that he filed an administrative claim for damages for the alleged 100 percent levy of his social security retirement benefits, *see* Dkt. # 34 at 9-10. Indeed, Plaintiff appears to acknowledge that failure by arguing that "by reading the documents appended to the complaint, [he] complained under 26 U.S.C. § 7433 that the collection of taxes was improper *regardless of the amount levied.*" Dkt. # 35 at 2 (emphasis added). Therefore, Plaintiff's damages claim for a 100 percent levy violation of social security retirement benefits should be dismissed for failure to state a claim because he failed to sufficiently plead exhaustion of his administrative remedies for a 100 percent levy violation of social security benefits.

**3.    Plaintiff's Damages Claim for 60 Percent Levy Violation of Social Security Benefits Is Insufficient.**

In the Response, Plaintiff appears to argue that he properly pled an administrative claim for damages that alleged a valid federal tax statute or regulation that was recklessly or intentionally disregarded by the IRS for a 60 percent levy violation of social security retirement benefits and that such damages claim is not time-barred. *See* Dkt. # 35 at 3. In doing so, Plaintiff states that he "produced not one but many complaints to the right parties in the IRS that his returns were not invalid and were not frivolous" and refers to "some letters and information concerning these claims" including the exhibits attached to the SAC. Dkt. # 35 at 3. He also relies on the "normal pleading doctrines" to support his purported administrative claims. *Id.* Plaintiff's argument fails to address the arguments in the Motion on this issue.

First, as argued in the Motion, Plaintiff failed to include a damages claim for 60 percent levy violation in his SAC. *See* Dkt. # 34 at 10. However, even if he had alleged a damages claim with respect to a 60 percent levy violation in the SAC, Plaintiff's argument that he produced not one but many complaints asserting that his returns were not invalid and not frivolous is not

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

1  sufficient to meet the pleading standard under Fed. R. Civ. P. 12(b)(6) for damages claims under

2  Section 7433. Additionally, it is unclear what Plaintiff's argument is with respect "normal

3  pleading doctrines" and his administrative claims, but he seems to be confusing the complaint

4  pleading standard with the administrative claim standard.

5          As argued in the Motion, although the SAC identifies section 6331(h) was violated, the

6  law cited in the administrative claim for damages dated February 18, 2014 is 42 U.S.C. § 407,

7  and this Court has already recognized that Section 407 does not create a 15 percent limit for

8  levies of Social Security benefits. *See* Dkt. # 34 at 10-11. Additionally, Plaintiff only references

9  a 6331(h) violation for the alleged levies of social security benefits over 15 percent in the SAC,

10 and alleges no sufficient facts regarding these levies to substantiate that a 15 percent or more

11 levy is a violation. *See* Dkt. # 34 at 11. Furthermore, Section 6331(a) allows the IRS to levy up

12 to 100 percent of social security benefits. *Id.*

13         Second, Plaintiff fails to address how his alleged damages claim with respect to a 60

14 percent levy violation is not barred by the statute of limitations. As discussed in the Motion, even

15 if Plaintiff had properly alleged a 60 percent levy violation in the SAC, as argued in the prior

16 Motion to Dismiss FAC, this claim would still be time-barred under the facts alleged in

17 Plaintiff's administrative claim for damages dated February 18, 2014 and attachments to the

18 administrative claim. *See* Dkt. # 34 at 11-12. Plaintiff was required to file a suit under Section

19 7433 no later than October 2015, but he filed his lawsuit on February 16, 2016, after the statute

20 of limitations period had expired. *Id.* Additionally, equitable tolling does not apply in this case

21 since Plaintiff did not file a defective pleading during the statutory period, and since there are no

22 allegations that Plaintiff was induced by IRS misconduct into allowing the deadline to pass. *See*

23 Dkt. # 34 at 12. Therefore, Plaintiff's damages claim with respect to a 60 percent levy violation

Reply in Support of U.S.' Motion to Dismiss
Second Amended Complaint
(Case No. 3:16-cv-05116-BHS)

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

1   should be dismissed for failure to state a claim.

2   **4.**     **Plaintiff's Refund Claim Should Be Dismissed For Lack of Subject Matter Jurisdiction.**

In the Response, Plaintiff appears to argue that he filed timely administrative refund claims. *See* Dkt. # 35 at 4. The Response states "[t]here are many letters and documents sent by the Plaintiff to the government complaining and asking for his money back, to substantiate the relevant and timely administrative claim. One only needs to look at the letters in 2008, 2009, 2010, even through 2014 . . . ." Dkt. # 35 at 4. However, Plaintiff's general allegation that he filed a timely administrative claims for refund in "in 2008, 2009, 2010, even through 2014" is insufficient to show that he filed timely administrative claims for refund that meet the requirements of 26 U.S.C. § 7422(a) and 26 C.F.R. § 301.6402-2 that would allow for a waiver of sovereign immunity.

As discussed in the Motion, 26 U.S.C. § 7422(a) states that "[n]o suit or proceeding shall be maintained in any court" for a refund of taxes or penalties paid, "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." *See* Dkt. # 34 at 14. Pursuant to Treas. Reg. § 301.6402-2(b)(1), the administrative claim for refund must "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof…;" and "[a] claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit." *Id*. Further, compliance with the specificity requirements set forth in Treas. Reg. § 301.6402-2(b)(1) is a prerequisite to subject matter jurisdiction over a claim for a refund. *Quarty v. United States*, 170 F.3d 961, 972 (9th Cir. 1999) (citations omitted); *see* Dkt. # 34 at 14. Moreover, Plaintiff bears

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

1  the burden of showing that the United States has waived its sovereign immunity to allow the suit

2  to proceed. *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied*, 446 U.S.

3  958 (1984).

4        Here, Plaintiff's own general statement that he sent letters "complaining and asking for

5  his money back" in "2008, 2009, 2010, even through 2014" without nothing more is insufficient

6  to satisfy the requirements of Treas. Reg. § 301.6402-2(b)(1). Additionally, Plaintiff's

7  allegations in the SAC and its attachments regarding administrative refund claims only reference

8  letters dated May 31, 2008, Dkt. # 29 at 10-17, and September 25, 2009, Dkt. # 29 at 19-20. For

9  the reasons stated in the Motion, even if these letters dated May 31, 2008 and September 25,

10  2009 constituted valid administrative refund claims, they would still be untimely. *See* Dkt. # 34

11  at 15-18. Indeed, Plaintiff's Response has provided no argument to the contrary. Furthermore,

12  Treas. Reg. § 301.6402-2(d) requires separate administrative refund claims for each separate

13  taxable periods, but Plaintiff's letter dated May 31, 2008 letter contained refund requests for

14  multiple tax periods (1995, 1996, 1997, and 2003). Therefore, Plaintiff's refund suit must be

15  dismissed for lack of subject matter jurisdiction.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

Reply in Support of U.S.' Motion to Dismiss
Second Amended Complaint
(Case No. 3:16-cv-05116-BHS)

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

1          For the foregoing reasons, the Court should grant the United States' Motion to Dismiss

2  and dismiss Plaintiff's SAC with prejudice.

3          DATED this 13th day of January, 2017.

4                                 Respectfully submitted,

                                 CAROLINE D. CIRAOLO

5                                 Principal Deputy Assistant Attorney General

6                                 <u>s/ Yen Jeannette Tran</u>

                                 YEN JEANNETTE TRAN (WSBA #43176)

7                                 Trial Attorney, Tax Division

                                 U.S. Department of Justice

8                                 P.O. Box 683

                                 Washington, D.C. 20044

9                                 202-616-3366 (v)

                                 202-307-0054 (f)

10                                Y.Jeannette.Tran@usdoj.gov

11                                Of Counsel:

                                 ANNETTE L. HAYES

12                                United States Attorney

13                                *Attorneys for the United States of America*

14

15

16

17

18

19

20

21

22

23

Reply in Support of U.S.' Motion to Dismiss
Second Amended Complaint
(Case No. 3:16-cv-05116-BHS)         8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that on this 13th day of January, 2017, I electronically filed the foregoing
**REPLY IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO DISMISS**
3 **SECOND AMENDED COMPLAINT**, with the Clerk of Court using the CM/ECF system,
which will send notice of such filing to the following CM/ECF participant(s):

4

5 Steven C. Clift
11220-89th Ave. Ct. East.
Puyallup, WA 98373
6 S_Clift@msn.com
*Plaintiff – Pro Se*

7

8                                          s/ Yen Jeannette Tran
                                           YEN JEANNETTE TRAN
9                                          Trial Attorney
                                           United States Department of Justice, Tax Division

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3366