UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN C. CLIFT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>　　　　　　Defendant. | CASE NO. C16-5116 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on the United States of America's ("United States") motion to dismiss (Dkt. 34). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 16, 2016, Plaintiff Steven Clift ("Clift") filed a *pro se* complaint against the Internal Revenue Service ("IRS"), alleging the IRS improperly assessed civil penalties for frivolous tax submissions and issued false levies. Dkt. 1. Clift asserted six claims: (1) abuse of process; (2) breach of fiduciary duty; (3) conspiracy; (4) fraud; (5) infliction of emotional distress; and (6) negligence. *Id.* at 3–4. Liberally construed, Clift's complaint appears to assert a damages claim under 26 U.S.C. § 7433 and a refund claim

under 28 U.S.C. § 1346. *See* Dkt. 1 at 2–5. Clift seeks damages and an order directing the IRS to process his tax returns, remove all liens and levies, and return all levied funds. *Id.* at 5.

On April 18, 2016, the United States[1] moved to dismiss for lack of jurisdiction and failure to state a claim. Dkt. 8. The next day, the United States filed a preacipe to its motion. Dkt. 11. On May 10, 2016, Clift responded. Dkt. 14. On May 13, 2016, the United States replied. Dkt. 15. The Court granted the United States' motion and granted Clift leave to amend his complaint to cure the deficiencies in his claims for damages under 26 U.S.C. § 7433 and his claim for refund under 28 U.S.C. § 1346. Dkt. 18.

On July 22, 2016, Clift filed an amended complaint, properly naming the United States as defendant. Dkt. 19. On August 5, 2016, the United States moved to dismiss the amended complaint. Dkt. 21. On August 10, 2016, Clift responded. Dkt. 23. On September 2, 2016, the United States replied. Dkt. 26. On October 14, 2016, the Court granted the United States' motion, dismissed Clift's amended complaint, and once again granted Clift leave to amend his claim. Dkt. 28.

On November 4, 2016, Clift filed a second amended complaint. Dkt. 29. On December 19, 2016, the United States again moved to dismiss Clift's claims. Dkt. 34. On January 3, 2017, Clift responded. Dkt. 35. On January 13, 2017, the United States replied. Dkt. 38.

---

[1] The IRS is not an entity subject to suit, and therefore the United States is the proper defendant. *See Krouse v. U.S. Gov't Treasury Dep't I.R.S.*, 380 F. Supp. 219, 221 (C.D. Cal. 1974) (citing *Blackmar v. Guerre*, 342 U.S. 512 (1952)).

## II. DISCUSSION

As in its previous motions, the United States again moves to dismiss Clift's claims for lack of subject matter jurisdiction and for failure to state a claim. Dkt. 34.

**A. Legal Standards**

Rule 12(b)(1) provides for dismissal of claims if the Court lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When jurisdiction is challenged in a Rule 12(b)(1) motion, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 546.

### B.  Damages Claim

As stated in the Court's previous orders dismissing Clift's claims, "[a] taxpayer cannot seek damages under § 7433 for improper assessment of taxes." *Miller v. United States*, 66 F.3d 220, 223 (9th Cir. 1995) (quoting *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994)). Because the assessment of civil penalties against Clift under 26 U.S.C. § 6702 for frivolous tax returns is not a "collection activity," the Court lacks jurisdiction under 26 U.S.C. § 7433. *See id.*

Clift also claims that the IRS engaged in an unlawful "collection activity" that violated 26 U.S.C. § 6331(h) when it levied over 15 percent of his Social Security retirement benefits. Dkt. 29 at 2, 5. However, 26 U.S.C. § 6331(h) does not create a 15 percent limit on the levy of Social Security retirement benefits. 26 U.S.C. § 6331(h)(2)(A). *See also Hines v. United States*, 658 F. Supp. 2d 139, 146–47 (D.D.C. 2009); *Beam v. U.S. Gov't*, 07-6035-TC, 2007 WL 1674083, at *1 (D. Or. June 6, 2007) (citing *Overton v. United States*, 74 F. Supp. 2d 1034, 1045 (D.N.M. 1999)) ("Social Security retirement benefits are not exempt from levy or subject to the limitations on continuous levy for specified payments."). Therefore, Clift's claim that the IRS violated 26 U.S.C. § 6331(h) by levying his retirement benefits in an amount greater than 15 percent fails as a matter of law. Because this claim is legally deficient and cannot be cured by amendment, the Court dismisses Clift's damages claim without leave to amend.

### C.  Refund Claim

Despite multiple opportunities to appropriately amend his complaint, Clift has again failed to plead that he exhausted the administrative procedures that are prerequisite

to pursuing a refund claim. *See* 26 U.S.C. § 7422(a). There is no indication that Clift has ever filed a claim that conforms to the requirements of 26 C.F.R. § 301.6402–2, and the documents he has filed with his multiple complaints strongly suggest that no such claims were ever filed. Accordingly, his refund claim is dismissed.

### III.  ORDER

Therefore, it is hereby **ORDERED** that the United States' motion to dismiss (Dkt. 34) is **GRANTED** and Clift's second amended complaint is **DISMISSED**. The Clerk shall close this case.

Dated this 8th day of February, 2017.

_____
BENJAMIN H. SETTLE
United States District Judge